## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARILYN M. WILLIAMS, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:22-cv-00416-MTS |
| UNIVERSITY CITY POLICE DEPARTMENT, | ) ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Plaintiff Marilyn M. Williams for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that Plaintiff is unable to pay the filing fee. The Court therefore will grant the Motion. Additionally, for the reasons discussed below, the Court will dismiss this action.

### **Legal Standard**

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff filed the Complaint against the University City Police Department. She invokes this Court's federal question jurisdiction, and she states that her First and Second Amendment rights are at issue. The Court therefore construes the Complaint as filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the Complaint on behalf of herself and three individuals identified as SJ, DW, and MW. However, Plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Further, while federal law authorizes Plaintiff to plead and conduct her own case personally, 28 U.S.C. § 1654, she is not a licensed attorney and therefore may not represent other individuals in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). The Court therefore will strike SJ, DW, and MW from this action.

For her statement of claim, Plaintiff alleges that during a visit to a Jack-in-the-Box restaurant with her three children, she asked the manager to remake her taco. Plaintiff and the manager "had words back and forth," and as plaintiff walked outside, the manager called the police and said Plaintiff had a firearm. Doc. [1] at 5. Plaintiff left the parking lot and approached the next intersection, "was flagged by University city police department," and arrested. *Id.*

Plaintiff indicates she was charged with flourishing, driving while suspended, and having expired license plates. She attaches copies of a summons and other documents, but they are illegible. Plaintiff complains she was not asked for identification or proof of insurance. She was placed in a holding cell and asked to remove her head scarf in violation of her "religious as well

2

as human rights." *Id.*  She states she lacked "proper clothing," but does not explain what she means by that.  She complains she was searched in front of men, but she does not allege that any part of her body was unclothed during the search or describe any aggravating factors.  She makes no attempt to identify a person or persons responsible for the alleged misconduct.  She claims she can "prove her imprisonment was false," and she states she never pulled her firearm from her glove box and her "First and Second Amendment rights was violated."  *Id.*  She seeks damages.

## Discussion

Plaintiff has named the University City Police Department as the sole defendant.  However, the University City Police Department is a department or subdivision of local government, not a legal entity that is subject to suit under § 1983.  Therefore, the Complaint fails to state a claim upon which relief may be granted against Defendant.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (upholding the preservice dismissal of a § 1983 action by a prisoner against a jail facility and a county sheriff's department because neither defendant was a suable entity).  Even if Plaintiff had named the municipality as a defendant, the Complaint would not state a valid municipal liability claim.  *See Monell v. Dept. of Social Services of City of N.Y.*, 436 U.S. 658, 690–91 (1978); *Calgaro v. St. Louis Cty.*, 919 F.3d 1054, 1058 (8th Cir. 2019) (explaining that a municipality "may be liable for a constitutional violation under § 1983 only if the violation resulted from a policy or custom of the municipality").  The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs SJ, DW, and MW are **STRICKEN** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion seeking leave to commence this action without prepaying fees or costs, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [2], is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of August, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE